UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DONNELL KEARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-00288 (UNA) |
| | ) | |
| | ) | |
| MINISTRY (BOARD) DOCTORS & | ) | |
| MEDICINE NAVY SEALS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Raleigh, North Carolina, brings this suit against "Ministry (Board) Doctors & Medicines Navy Seals (BOP)" in Atwater, California.  The one-paragraph complaint, which refers to "discrimination," "skin color," the Plaintiff's "standing in society—City & State," a "Dictatorship," and "mental distress," does not contain discernible factual allegations sufficient to "give the defendant[ ] fair notice of what the claim is and the grounds upon which it rests[.]" *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (citation omitted); *see Hilska v. Jones,* 217 F.R.D. 16, 21 (D.D.C. 2003) (noting that a complaint containing "only vague and conclusory claims with no specific facts supporting the allegations may not give the defendant fair notice of the claims . . . and thus would not allow the defendant to devise a competent defense") (citation omitted)).  The Court will, accordingly, dismiss the complaint pursuant to Rule 8.

A separate order will issue.

Date: March 13, 2024

/s/
RANDOLPH D. MOSS
United States District Judge